IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE REITER, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:21-cv-03457 |
| PNC BANK, N.A, A SUBSIDIARY OF THE PNC FINANCIAL SERVICES GROUP, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

**NOW COMES** Denise Reiter ("Plaintiff"), by and through the undersigned, complaining as to the conduct of PNC Bank, N.A, a subsidiary of The PNC Financial Services Group, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for employment discrimination, violations of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), pursuant to 29 U.S.C. §621 *et seq*.

### PARTIES AND JURISDICTION

2. Plaintiff is a 63-year-old female/woman and a resident of Grundy County, Illinois. At all relevant times to the Complaint, Plaintiff was Defendant's employee as defined by 20 U.S.C. §630(f). Plaintiff was employed, but is no longer employed by the Defendant.

3. Defendant is a diversified financial services organization with various lines of business, including a retail banking business that provides deposit, lending, cash management and

investment services to more than 6 million consumer and small business customers across 19 states and the District of Columbia, through more than 2,600 branches, online and mobile services along with 9,000 ATMs. Defendant maintains a retail bank branch located in Lockport, Illinois ("Lockport Branch"), where Plaintiff worked as an employee. At all relevant times Defendant was an employer as defined by 29 U.S.C. §630(b).

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States, and original jurisdiction pursuant to 28 U.S.C. §1343 because Plaintiff brings this action to recover damages and other relief from an Act of Congress for the protection of civil rights.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2), in that the unlawful employment practices giving rise to claim were committed in Cook County, Illinois, and there is no other district that has substantial connection to the claim.

## CONDITIONS PRECEDENT

6. On February 13, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as follows (*See Exhibit A*):

| DISCRIMINATION BASED ON (Check appropriate box(es).) | | | | | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|---|---|---|---|
| | | | | | Earliest | Latest |
| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN | 2010 | 04-23-2019 |
| ☐ RETALIATION | ☒ AGE | ☐ DISABILITY | | ☐ GENETIC INFORMATION | | |
| ☐ OTHER | | | | | ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about February 28, 1977. My most recent position was VP/Branch Manager. During my employment, myself and other older employees were subjected to different terms and conditions than younger employees due to age and high salary based on long tenure with the company, including but not limited to discipline and termination. I was discharged on April 23, 2019.

I believe myself and others have been discriminated against because of age (I was born 1957) (others age 40 and over) in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC
FEB 13 2020

7. On or about May 5, 2021, the EEOC issued Plaintiff a Notice of Right to Sue (*See Exhibit B*). This Complaint has been filed within 90 days of receipt of that notice.

## FACTS SUPPORTING CAUSE OF ACTION

8. Plaintiff first started working for Defendant's predecessor companies on February 28, 1977 when she was in her 20's, becoming Defendant's employee after a series of mergers and acquisitions.

9. Over the next few decades, Plaintiff rose to the senior staff level as a VP, Branch Manager at Defendant's Lockport Branch.

10. In her position, Plaintiff managed staff and was responsible for Lockport Branch activity.

11. Plaintiff performed her job duties satisfactorily as evidenced by her 40-year tenure, promotion to leadership staff, year-end performance review and multiple awards for her work under Defendant's Market All-Star and Star Customer Service Awards.

12. In Plaintiff's final years of work, Defendant indicated that Plaintiff had "*very commendable outcomes*" and also that she held her team "*accountable to fraud prevention and proper operational processes*".

13. Two months before her employment ended, in a performance review signed by her manager on February 12, 2019, Plaintiff's overall performance rating was "*Meets All Expectations*" including her manager's comments that she "*is an experienced Branch Manager*" who "*knows what it takes to create success for her branch and very instrument in her ECO partners success*" and also that Plaintiff "*is supportive to the overall regional success*".

14. However, without advance notice, on April 23, 2019, Defendant fired Plaintiff, leaving her with no viable employment options at the age 62, in line with Congressional ADEA

findings that the incidence of unemployment, especially long-term unemployment with resultant deterioration of skill, morale, and employer acceptability is, relative to the younger ages, high among older workers; their numbers are great and growing; and their employment problems grave.

15. Defendant applied excessive and overly severe punishment to Plaintiff based on her age, claiming she was fired in April 2019 for alleged misconduct from 2018, a one year delay that leads to a question of Defendant's true concerns about Plaintiff's alleged conduct, and a delay supporting a reasonable inference the conduct did not trigger Plaintiff's termination.

16. During Plaintiff's employment, Plaintiff noticed herself and other older employees, were subjected to different terms and conditions than younger employees due to age, including but not limited to discipline and termination.

17. Over the years, Plaintiff watchedDefendant fire or otherwise constructively discharge other workers over age 40, including but not limited to branch manager Antonio Spizzirri, Jr., only to be replaced by younger workers under age 40 such as Warren Kusav. Eventually many employees were squeezed out and their jobs terminated for alleged company violations.

18. Similarly, Plaintiff was treated less favorably because of her age and lost her job because of her age.

19. After termination, Plaintiff was eligible to collect unemployment benefits and she mitigated her damages by finding the only work offered to her, serving as a much lower paying hostess at a local restaurant.

## COUNT I - AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967
### (29 U.S.C. §621 et al.)

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. At all relevant times, Plaintiff was a member of the ADEA's protected class status because she is an individual over age 40.

22. When Defendant fired Plaintiff, Plaintiff was close to retirement age.

23. At all relevant times, Defendant was Employer governed by the ADEA, which protects older workers from age discrimination in the workplace.

24. Plaintiff was qualified for her position and met Defendant's legitimate, non-discriminatory, employment expectations.

25. Defendant's termination of Plaintiff was an adverse employment action.

26. But for Plaintiff's age, she would not have been subjected to such harsh discipline and termination.

27. Defendant made discriminatory decisions that marginalized Plaintiff based on her age.

28. Plaintiff suffered damages as a result of Defendants' unlawful discriminatory actions, including but not limited to emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

29. Defendant intentionally violated Plaintiff's rights under the ADEA, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, DENISE REITER respectfully requests this Honorable Court to

a. Accept jurisdiction over this matter;

b. Award Plaintiff past and future loss of wages and benefits, plus interest;

c. Order Defendant to reinstate Plaintiff to a position comparable to her former position or, in lieu of reinstatement, award her front pay (including benefits);

d. Award Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

e. Award Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

f. Award Plaintiff compensatory damages;

g. Award Plaintiff punitive damages; and

h. Award Plaintiff such additional or alternative relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: June 28, 2021

Respectfully submitted:
SULAIMAN LAW GROUP, LTD.
/s/ Cynthia N. Pietrucha
/s/ Nathan C. Volheim
Cynthia N. Pietrucha, Esq.
Nathan C. Volheim, Esq.
***Counsel for Plaintiff***
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181
cpietrucha@sulaimanlaw.com
nvolheim@sulaimalaw.com